UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| A.B., K.M., M.M. by her natural guardian, K.M., C.R., and K.R. by his natural guardians A.B. and C.R., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:14-cv-00422-RLY-MJD |
| vs. | ) ) | |
| WAL-MART STORES, INC., | ) ) | |
| Defendant. | ) ) ) ) | |

**ENTRY ON DEFENDANT'S MOTIONS TO DISMISS PLAINTIFFS' COUNTS OF FRAUD AND MAINTENANCE OF A COMMON NUISANCE, AND REQUEST FOR INJUNCTIVE RELIEF**

Defendant Wal-Mart Stores East, LP (incorrectly named as Wal-Mart Stores, Inc.) moves this court for partial dismissal of the Plaintiffs' Complaint. Plaintiffs, proceeding anonymously as A.B., K.M., M.M., K.R., and C.R., brought this lawsuit in state court seeking damages and injunctive relief. Wal-Mart removed the case to this court based upon diversity jurisdiction and, on May 7, 2014, filed three motions to dismiss. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Wal-Mart moves the court to dismiss portions of the Complaint that seek injunctive relief and abatement and damages for the maintenance of a nuisance. Pursuant to Rules 12(b)(6) and 9(b), Wal-Mart moves to dismiss Plaintiffs' claim of fraud. This entry addresses all three motions.

1

## I. Background

The gruesome facts that give rise to this lawsuit require only brief mention. On the evening of February 6, 2014, Michael Parrish ("Parrish") stalked A.B. and K.M., adult females, and M.M., a minor, as they shopped inside a Wal-Mart store. (Complaint ¶ 14). When they returned to their vehicle in Wal-Mart's parking lot, Parrish abducted the three Plaintiffs at gunpoint and commenced a string of violent sexual assaults upon A.B. and K.M., all in the presence of M.M. (Complaint ¶¶ 20–30). Plaintiffs allege that although Wal-Mart's security cameras captured the stalking and abduction from the parking lot, no store personnel attempted to intervene or notify law enforcement. (Complaint ¶ 32). The sexual violence began in the parking lot of an apartment complex located behind the Wal-Mart store and continued thereafter at the Plaintiffs' home, where C.R., an adult male, had been babysitting K.R., a minor. (Complaint ¶¶ 26–29, 43). At the Plaintiffs' home, Parrish brutally assaulted C.R. and continued to subject A.B. and K.M. to vicious sexual assaults. (Complaint ¶¶ 44–55).

The allegations central to this lawsuit concern Wal-Mart's alleged failure to respond to the attack and provide adequate security to invitees from the criminal acts of third parties. In sum, Plaintiffs allege that Wal-Mart's actions, and failures to act, caused substantial harm to Plaintiffs for which they seek relief.

## II. Standards of Review

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the factual matter alleged in the complaint. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). A complaint must contain sufficient facts to state a claim upon which relief can

be granted. Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, the court accepts all facts in the complaint as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). A plaintiff must do more than simply recite the elements of a claim and provide conclusory statements in support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

When a plaintiff alleges fraud or mistake, Federal Rule of Civil Procedure 9(b) requires that all such averments be stated with particularity. Particularity includes "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Gen Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997)). Thus, this heightened pleading standard "requires the complaint to contain more than the 'short and plain statement of the claim' described in Rule 8(a)(2)." *Schott v. Huntington Nat'l Bank*, 914 F. Supp. 2d 933, 937–38 (S.D. Ind. 2012) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff may, however, assert malice, intent, and knowledge in general terms. *Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006).

## III. Discussion

### A. Motion to Dismiss the Claim of Fraud

To state a claim of fraud in Indiana, a plaintiff must allege facts that plausibly show a: "(i) material misrepresentation of past or existing facts by the party to be charged (ii) which was false (iii) which was made with knowledge or reckless ignorance of the falseness (iv) was relied upon by the complaining party and (v) proximately caused the complaining party injury." *Reed v. Reid*, 980 N.E.2d 277, 292 (Ind. 2012) (citation omitted). Moreover, the complaint must demonstrate "the who, what, when, where, and how" with more than "overly general allegations of fraud and misrepresentation." *Schott*, 914 F. Supp. 2d at 941 (citations omitted).

Plaintiffs submit the following allegations in support of their claim of fraud: (1) that Wal-Mart made "material representations" that it uses security cameras; (2) that certain signs in Wal-Mart's parking lot reading, "Security Cameras in Use," as well as the placement of security cameras on its property and a general "impression that Wal-Mart employees are always watching their customers," amount to such representations; (3) that Wal-Mart represented that (i) "it offers security for its customers"; (ii) "it monitors its property with security cameras"; (iii) its "cameras are for [the] security of its customers"; and (iv) its customers "can feel safe"; (4) that "Wal-Mart knew that the representations were false and intended to deceive the Plaintiffs"; and (6) that plaintiffs relied on the representations to their detriment. (Complaint ¶¶ 72–77). Wal-Mart argues that the foregoing allegations fall short of the heightened pleading standard imposed by Rule 9(b), and the court agrees.

4

Specifically, Plaintiffs failed to sufficiently plead the particulars of the "what" and the "how" elements. Plaintiffs do not allege a single, concrete instance where Wal-Mart misrepresented a material fact. (*See* Complaint ¶¶ 72–77). At most they effectively allege that the present, perceivable use of security cameras, and visible signs to that effect, communicate to its customers an "impression" that Wal-Mart will provide security against the criminal acts of third parties. (*See id.* ¶¶ 73–74). In Indiana, "fraud may not be based on representations regarding future conduct, or on broken promises, unfulfilled predictions or statements of existing intent which are not executed." *Doe v. Howe Military Sch.*, 227 F.3d 981, 990 (7th Cir. 2000) (quoting *Lycan v. Walters*, 904 F. Supp. 884, 897 (S.D. Ind. 1995)). A person must make a "misrepresentation of past or existing fact" to be liable for fraud. *Lycan*, 904 F. Supp. at 897. Plaintiffs allege no misrepresentation of past facts; and Wal-Mart's failure to respond appropriately—the way in which it tacitly suggests that it would respond—amounts to a failed execution of existing intent.

Even if signs reading, "Security Cameras in Use," could constitute a representation of a material fact, that Wal-Mart's security system captured the actions of Parrish establishes the statement's truth, not falsity. (*See* Complaint ¶¶ 24, 32, 38 (describing the events caught on Wal-Mart's security system)). The sign states neither a representation of intent to provide security to customers nor a representation that Wal-Mart will immediately respond to events captured on its cameras. Of course, these might constitute the reasonable inferences of its customers. On a motion to dismiss, the court does not weigh the merits of the allegations in the complaint; rather, it assesses whether

5

the allegations contain sufficient factual matter to state a claim that is plausible on its face. *Zellner*, 639 F.3d at 378. Plaintiffs simply couch the reasonable inferences of Wal-Mart's customers as "representations" and advance the threadbare recital that such "representations were false." (*See* Complaint ¶¶ 75–76). Without more, such conclusory allegations fall short of the heightened pleading standard under Rule 9(b). *See Schott*, 914 F. Supp. 2d at 942 (dismissing the allegation that a defendant "intentionally misrepresented and fraudulently sought to conceal its liability" as conclusory and fatal to a fraud claim). Therefore, the court concludes that Plaintiffs have failed to state a claim for fraud.

**B.     Motion to Dismiss Claims of Nuisance**

Plaintiffs allege "common," or public nuisance. They also allege that Wal-Mart's use of its property constitutes a private nuisance. (Complaint ¶¶ 63–64). Wal-Mart appears to advance two arguments in support of its Motion. First, Plaintiffs allege insufficient facts to state valid claims of private or public nuisance under Indiana law. Second, because Plaintiffs make duplicative allegations, which sound in negligence, in support of both negligence and nuisance claims, they fail to state a separate claim of nuisance. (Filing No. 27 at 3–4). With respect to the second argument, Wal-Mart cites no authority, nor is the court aware of any, for the proposition that a plaintiff may not allege duplicative theories for recovery. The court now turns to the sufficiency of Plaintiffs' claims of nuisance under Rules 8 and 12(b)(6).

Indiana Code § 32-30-6-6 defines an actionable nuisance as "whatever is: (1) injurious to health; (2) indecent; (3) offensive to the senses; or (4) an obstruction to the

free use of property; so as essentially to interfere with the comfortable enjoyment of life or property." "A public nuisance affects an entire neighborhood or community, while a private nuisance affects only one individual or a determinate number of people." *Scheckel v. NLI, Inc.*, 953 N.E.2d 133, 138 (Ind. Ct. App. 2011). Private nuisance arises when a party "has used his property to the detriment of the use and enjoyment of another's property." *Id.* (citation omitted). Because Plaintiffs have not alleged that Wal-Mart's use of its property has somehow obstructed Plaintiffs' use and enjoyment of *their* property, the court concludes that Plaintiffs have failed to state a claim of private nuisance.[1]

Public nuisance is an unreasonable interference with a public right. *City of Gary ex rel. King v. Smith & Wesson, Corp.*, 801 N.E.2d 1222, 1230–31 (Ind. 2003). The challenged activity must be "sufficiently grave and sufficiently foreseeable that it renders it unreasonable to proceed at least without compensation to those that are harmed." *Id.* at 1231. The unreasonableness of an activity, even if lawful, turns on whether it "can be expected to impose such costs or inconvenience on others that those costs should be borne by the generator of the activity." *Id.* Circumstances that may support an inference of unreasonable interference with a public right include a significant interference with the

---

[1] Plaintiffs merely reference private nuisance in the conclusory allegation that Wal-Mart "allows activity that is injurious to health, indecent, offensive to the senses, and/or an obstruction to the free use of property; so as essentially to interfere with the comfortable enjoyment of life or property." (Complaint ¶ 64). Moreover, Plaintiffs suggest that because the attack ultimately reached their property, they have stated a claim of private nuisance. (Filing No. 34 at 3). Private nuisance concerns the impact that one party's use of property has on another's use of her property. *Scheckel*, 953 N.E.2d at 138. Plaintiffs' attempt to connect Wal-Mart's land use to that of Plaintiffs because the attack by Parrish continued to Plaintiffs' home does not state a valid claim for private nuisance.

public health, safety, peace, comfort, or convenience. *Id.* at 1233 (citing approvingly the Restatement (Second) of Torts § 821B). However, Indiana courts have observed that "[n]ot every dangerous agency is a nuisance"; rather, the activity must be "reasonably and naturally calculated to injure the general public" who enter the premises. *Id.* at 1230 (quoting *Town of Kirklin v. Everman*, 28 N.E.2d 73, 75 (Ind. 1940)); *see also Hopper v. Colonial Motel Properties, Inc.*, 762 N.E.2d 181, 186 (Ind. Ct. App. 2002) (affirming the trial court's grant of summary judgment for claim of public nuisance).

In *Hopper*, plaintiffs sought damages related to a gunshot wound suffered while staying at the defendant motel. 762 N.E.2d at 186. They argued that the motel maintained a public nuisance because it routinely accepted high-risk clientele, and it neglected to monitor or observe the suspicious behavior of the guests who fired the gun. *Id.* Affirming the trial court, the Indiana Court of Appeals noted that a party must demonstrate "more than a mere tendency or increased likelihood of causing an injury." *Id.* (citing *Sand Creek Partners, L.P. v. Finch*, 647 N.E.2d 1149, 1153 (Ind. Ct. App. 1995)). "The alleged nuisance must cause injury as a reasonable and normal result of its operation." *Id.*

Plaintiffs allege that deficient security on Wal-Mart's premises invites the "criminal element," making it unsafe for its customers. (Complaint ¶¶ 66–67). In addition to the crimes committed against Plaintiffs, they allege that law enforcement made over 800 runs to Wal-Mart to respond to reports of criminal activity between January 2009 and February 2014. (Complaint ¶ 12). Plaintiffs also allege that the nuisance (1) denied Plaintiffs their property rights as business invitees to shop in peace,

8

and (2) brought harm to Plaintiffs, interfering with their "comfortable enjoyment of life." (Complaint ¶ 65). The court cannot infer from such allegations that Wal-Mart's insufficient security constitutes an activity "reasonably and naturally calculated to injure the general public." *Smith & Wesson*, 801 N.E.2d at 1230. Aside from the conclusory allegation that Wal-Mart maintains a public nuisance, (Complaint ¶¶ 63–65), Plaintiffs essentially allege that Wal-Mart's actions increase the likelihood of people suffering harm on its property. (*See* Complaint ¶¶ 66–67 (alleging that the lack of security invites criminal activity)). Such allegations alone fail to state a claim of nuisance under Indiana law. Although the issue of whether an activity is sufficiently "unreasonable" rests with the trier of fact, *Smith & Wesson*, 801 N.E.2d at 1231, Plaintiffs must allege enough factual matter that makes a claim of nuisance plausible. For the foregoing reasons, the court concludes that Plaintiffs have failed to meet this burden.

**C.     Motion to Dismiss the Request for Injunctive Relief**

Wal-Mart moves the court to dismiss Plaintiffs' request for injunctive relief under Rule 12(b)(6) for failure to state a claim. As Rule 8(a) makes clear, a request for a specific type of relief is not a separate legal claim. A claim for relief must include both "a short plain statement of the claim showing that the pleader is entitled to relief; *and a demand for the relief sought*, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(2)–(3) (emphasis added). A motion pursuant to Rule 12(b)(6) challenges the statement of the claim, not the relief sought. Therefore, the court denies Wal-Mart's Motion to Dismiss the Request for Injunctive Relief.

## IV. Conclusion

For the reasons set forth above, the Motion to Dismiss the claim of fraud (Filing No. 24) is **GRANTED**; the Motion to Dismiss the claims of nuisance (Filing No. 26) is **GRANTED**; and the Motion to Dismiss the request for injunctive relief (Filing No. 28) is **DENIED**.

**SO ORDERED** this 3rd day of October 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.