UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| A. B., | ) | |
| K. M., | ) | |
| M. M. BY HER NATURAL GUARDIAN, | ) | |
| K.M., | ) | |
| C. R., | ) | No. 1:14-cv-00422-RLY-MJD |
| K. R. BY HIS NATURAL GUARDIANS | ) | |
| A.B. and C.R., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | | |

**ORDER ON DEFENDANT'S MOTION TO SEAL**

This matter comes before the Court on Defendant's Motion to Maintain Under Seal a List of Wal-Mart's Claims Filed by Plaintiff on February 27, 2015. [Dkt. 88.] For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

**I.   Background**

On March 5, 2014, A.B., K.M., M.M., C.R., and K.R. ("Plaintiffs") sued Wal-Mart Stores, Inc. ("Defendant") alleging that Defendant had negligently failed to protect Plaintiffs from an abduction and sexual assault that began in Defendant's parking lot. [*See* Dkt. 1-1.] During discovery, Plaintiffs sought information about other crimes that had occurred in or near Wal-Mart parking lots across the country. In pursuit of such information, Plaintiffs filed multiple motions to compel, [*see* Dkts. 72 & 76], and at a hearing on Plaintiffs' second and third motions, Plaintiffs disclosed that they had obtained a list of claims titled "General Liability All Criminal Claims and Incidents Involving a Person Being Injured or Abducted or Killed as a Result of a Criminal Act for Wal-Mart Stores, Inc. Nationwide From 10/1/1994 to 10/11/1994" (hereinafter

1

"Claims List"). [*See* Mot. to Compel Hr'g Tr. 19:14-21:20, Feb. 26, 2015.] Plaintiffs explained that the list had been produced in a separate case—*Katoria Lee v. Wal-Mart*—filed in Georgia state court. [Hr'g Tr. 21:1-20.] They offered it as evidence that courts had previously allowed for discovery of the kind they sought in this case, [Hr'g Tr. at 21:14-23], and they subsequently filed the Claims List as an exhibit in support of their motions to compel. [*See* Dkt. 86.]

At the hearing, the parties recognized that the Claims List contained potentially sensitive or confidential information, [Hr'g Tr. at 20:5-21:20], and the list was accordingly filed under seal. [*See* Dkt. 86.] Pursuant to the Court's protective order, [Dkt. 69], Defendant then filed the currently pending motion to maintain the list under seal. [Dkt. 88.]

## II.  Discussion

Rule 26 allows for filing under seal for "good cause." Fed. R. Civ. P. 26. "The determination of good cause cannot be elided by allowing the parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The public "at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* The judge is thus "duty-bound" to "review any request to seal the record." *Id.*

When information is filed with a court, it may "influence or underpin the judicial decision" and is therefore "open to public inspection unless" the information "meets the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). A motion asking to seal such information has "no prospect of success" unless it analyzes "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 548. General assertions that the information is "commercial" or otherwise sensitive will not suffice. *Id.* at 546.

Defendant in this case contends that "good cause" exists to maintain the Claims List under seal because it was originally produced pursuant to a protective order in the Georgia state court case. [Dkt. 88-1 at 4-6.] As support, Defendant cites the Affidavit of Albert J. Decusati. [Dkt. 88-2.] Mr. Decusati states that he was "counsel of record for Wal-Mart Stores, Inc. in the case of *Katoria Lee v. Wal-Mart Stores, Inc., and Eric Deown Riggins*, State Court of Clayton County, Civil Action No. 2004-cv-01129E." [*Id.* ¶ 3.] In that case, the parties entered a "Consent Protective Order" that covered the documents produced in response to the plaintiff's request for production of documents. [*Id.* ¶ 9.] Under the terms of the order, any document marked confidential—such as the Claims List currently at issue—was to be filed only under seal. [*See* Dkt. 88-2 at 9 (Ex. 3 to Decusati Aff.).]

The Consent Protective Order allowed for only limited dissemination of confidential documents. [*Id.* at 8-9.] It restricted disclosure primarily to counsel; persons assisting counsel; witnesses to the alleged crime against the plaintiff; and officers, directors or employees of a party. [*Id.*] The order then provided a limited exception allowing for dissemination to "attorneys pursuing claims against Wal-Mart similar to the allegations asserted by Plaintiff against Defendant in this action, to wit: a premises liability parking lot claim whereby a store customer is injured, abducted or killed by a third-party." [*Id.* at 9.] Any person receiving confidential documents was to agree in writing to be bound by the terms of the protective order. [*Id.*]

In this case, Plaintiffs are pursuing a negligence claim based on Wal-Mart's failure to prevent a crime in its parking lot, [*see* Dkt. 1-1], and Plaintiffs' attorneys thus fall within the scope of the limited disclosure permitted by the Consent Protective Order. Under the terms of that order, however, Plaintiffs' attorneys should have agreed in writing to be bound by the terms of the order before receiving the Claims List. Additionally, because the Consent Protective Order

3

specifically provides for filing any protected documents only under seal, Defendant argues this Court should maintain the Claims List under seal in order to give effect to the protective order entered by the Georgia state court. [*See* Dkt. 88-1 at 4-5.][1]

Federal courts often exhibit respect for the protective orders entered by state courts. *See, e.g.*, *Washington v. New Orleans City*, 424 F. App'x 307, 311-12 (5th Cir. 2011) ("[Plaintiff's counsel] has identified no authority permitting a party to flout a state court protective order simply because documents in a state action might prove useful in a separate federal action."). At the same time, however, a state court's protective order does not mandate that this Court seal the document at issue. In *Lower Town Project, LLC v. Lawyers Title Insurance Corp.*, for instance, the court observed that while litigants cannot simply ignore a state court protective order, the court "is not bound to follow or enforce such an order." No. 10-11615, 2012 WL 666574, at *5 (E.D. Mich. Feb. 29, 2012). Similarly, in *Reicher v. Starring*, the plaintiff asked the court to seal two exhibits and a brief on the grounds "that sealing these documents [was] necessary in order to comply with the terms of the state court's stipulated order of confidentiality." No. CIV.A. 11-2171, 2011 WL 4404117, at *2 (E.D. La. Sept. 21, 2011). The court, however, determined that plaintiff's request was "overbroad," and the court then sealed only those portions of the exhibits and briefs that actually contained proprietary information. *See id.*

Giving binding effect to a state court order would also be inconsistent with Seventh Circuit precedent. In this circuit, the judge must make an independent determination that the information at issue must be sealed. *See Cincinnati Ins. Co.*, 178 F.3d at 945 ("The judge is the

---

[1] The Consent Protective Order also provided that, at the conclusion of the Georgia state court case, the plaintiff's counsel were to return all copies of the Defendant's confidential documents, including those that had been disseminated to third parties. [*See* Dkt. 88-2 at 11.] This evidently did not occur, but the Consent Protective Order further provides that its "restrictions on communication and disclosure . . . shall be binding upon the parties and all other persons" even "[a]fter the final termination of this action." [*Id.*] The order thus purports to continue to restrict the dissemination of the Claims List.

4

primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)."); *see also Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858-59 (7th Cir. 1994) (criticizing protective order in which "there [was] no indication that the Magistrate Judge made an independent determination that 'good cause' existed"). Thus, the Magistrate Judge in this case will not defer to the state court order, and will instead independently evaluate whether Defendant has met its burden to justify sealing the Claims List.

Here, Defendant argues that sealing the list is necessary to protect the privacy interests of the victims identified in the list. [Dkt. 88-1 at 7.] As Defendant notes, many jurisdictions by statute forbid the disclosure of the identities of certain crime victims, such as minors and victims of sexual assault. [*Id.*] Defendant thus argues that maintaining this information under seal is necessary to comply with state law. [*Id.*]

The Seventh Circuit has expressly recognized that such statutory protections constitute "good cause" for filing information under seal. *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002) ("In civil litigation . . . information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret on appeal."). Thus, to the extent that the Claims List contains the names of individuals whose identifies—by statute—cannot be disclosed, the seal on the list may be maintained.

Defendant, however, has not limited its motion to only those names that are statutorily protected; rather, Defendant asks to seal all names in the list. [*See* Dkt. 88-1 at 7.] This request is overbroad: "[T]here is no general rule that the identities of crime victims should not be identified in publically filed documents," *Emess Capital, LLC v. Rothstein*, 841 F. Supp. 2d 1251, 1255 (S.D. Fla. 2012), and Defendant has cited no legal authority to the contrary. By failing to provide

such "legal citations" in support of its position, Defendant has failed to meet its burden to establish good cause for sealing this portion of the Claims List. *See Baxter*, 297 F.3d at 548.

In addition, Defendant asks to seal not only the names in the list, but also other information, such as the nature of the crime, the date of the crime, and the state where the crime took place. [Dkt. 88-1 at 7.] Such a broad request goes beyond the scope of what is permissible in this circuit. *See Baxter*, 297 F.3d at 546 (emphasis added) (filing "*the name* of a minor victim of a sexual assault" under seal is permissible); *Little v. Mitsubishi Motor Mfg. of* Am., Inc., No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006) ("[A]ll that would be required to protect [the employees'] privacy interest . . . is the redaction of their names and any other identifying factors (e.g. social security numbers, phone numbers, addresses, and etc)."); *Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *3 (N.D. Ill. Oct. 31, 2005) (allowing for redaction of "non-parties' names and identifying factors" but requiring the "substance of the information [to] be publicly available").[2]

Defendant nonetheless contends that merely redacting the names from the list would be inappropriate.[3] [Dkt. 88-1 at 7.] Because the Claims List includes the date of the crime and the state where the crime took place, Defendant asserts that a "savvy individual using online search engines, news websites, social media, and state and local law enforcement records" could still "track down the identity of the crime victim." [*Id.*] This argument is meritless. If the identities of the victims have already been disclosed through "news websites," "law enforcement records," or otherwise, then there is no basis to seal the information at all. *See, e.g.*, *Marine Travelift, Inc. v.*

---

[2] The only "identifying factors" present in the Claims List are the names of crime victims. The list does not contain social security numbers, phone numbers, addresses, or other identifying information, such that redaction may be limited to the names in the list.

[3] Defendant also suggests that making a redacted copy available would constitute "an improper modification of the Protective Order issued in Lee." [Dkt. 88-1 at 5.] As explained above, however, the Court is not bound by that order. *See, e.g.*, *Lower Town Project*, 2012 WL 666574, at *5.

*Marine Lift Sys., Inc.*, No. 10-C-1046, 2013 WL 4087555, at *3 (E.D. Wis. Aug. 13, 2013) ("This information . . . is already contained within the public record. . . . Consequently, these documents will also not be maintained under seal."); *Bowman v. Int'l Bus. Machines Corp.*, No. 1:11-CV-0593-RLY-TAB, 2012 WL 5285891, at *2 (S.D. Ind. Oct. 25, 2012) (denying motion to seal exhibit where "the exhibit [was] already publicly available").

Defendant then argues that the Claims List should remain sealed so that Defendant itself is not prejudiced by the disclosure of the list. [Dkt. 88-1 at 5-6.] Defendant suggests that the Claims List could "potentially [be] used by parties against Wal-Mart in other litigation," and that this sort of harm "is precisely what the Protective Order [in *Lee*] was designed to prevent." [Dkt. 88-1 at 6.]

This assertion is tenuous at best. Although the protective order in *Lee* required all copies of the Claims List to be returned to Defendant at the conclusion of Lee's suit, [*see* Dkt. 88-2 at 11], it also specifically provided for dissemination of the Claims Lists to attorneys pursuing certain premises liability claims against Wal-Mart. [*See id.* at 9.] The order thus approved of the use of the list in cases other than *Lee*, such that it strains credulity for Defendant to argue that such a use was "precisely what the Protective Order was designed to prevent." [Dkt. 88-1 at 6.]

Additionally, Defendant's assertion of "potential[]" harm, [Dkt. 88-1 at 5], is too speculative to justify sealing the entire Claims List. The information in the list is more than ten years old, and Defendant has provided no explanation regarding how revealing such dated information is *actually* damaging to its interests. [*See id.* a 5-6.] Thus, Defendant may claim that disclosure of the list would be a "patent injustice," [*id.* at 6], but this unsubstantiated assertion does not justify maintaining the list under seal. *See, e.g.*, *Felling v. Knight*, No. IP01-0571-C-

T/G, 2001 WL 1782360, at *2 (S.D. Ind. Dec. 21, 2001) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements.")

For these reasons, the Court concludes that it is not appropriate to maintain the entire Claims List under seal. The Court will maintain the original, un-redacted copy of the list under seal, but within fourteen (14) days of the date of this order, Defendant must file a copy of the Claims List from which Defendant has redacted the names—and only the names—of those individuals whose identities—under state or federal statute—cannot be disclosed.

### III.    Conclusion

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Maintain Under Seal a List of Wal-Mart's Claims Filed by Plaintiff on February 27, 2015. [Dkt. 88.] The clerk is directed to maintain Docket No. 86 under seal, but Defendant shall respond as set forth above within fourteen (14) days of the date of this order.

Date:  04/03/2015

Mark J. Dinsmore  
United States Magistrate Judge  
Southern District of Indiana

Distribution:

Eric A. Riegner
FROST BROWN TODD LLC
eriegner@fbtlaw.com

Matthew Reed King
FROST BROWN TODD LLC
mking@fbtlaw.com

Thomas L. Davis
FROST BROWN TODD LLC
tdavis@fbtlaw.com

Joel Kirk LeBlanc
LEBLANC NETTLES DAVIS
kirk@indianalawgroup.com

Neil Andrew Davis
LEBLANC NETTLES DAVIS
neil@indianalawgroup.com

Nelson A. Nettles
LEBLANC NETTLES DAVIS
nelson@indianalawgroup.com

Nancy Zangrilli
MCDONNELL & ASSOCIATES, P.C.
nzangrilli@mcda-law.com

Patrick J. McDonnell
MCDONNELL & ASSOCIATES, P.C.
pmcdonnell@mcda-law.com